VOORHEIS et al. v. BLANTON et al.

(Circuit Court, W. D. North Carolina. September 15, 1899.)

RES JUDICATA—DECREE DETERMINING RIGHTS OF ONE NOT A PARTY—EFFECT OF AFFIRMANCE ON APPEAL.

Where, in a creditors' suit, the circuit court decreed that a conveyance of property by the debtor to a co-defendant be set aside as in fraud of complainants' rights, subject to a lien on the property by a third person for money advanced towards the erection of a building thereon after the conveyance, which decree was affirmed by the circuit court of appeals, the question of the right of such third person to a lien is res judicata in the suit, and cannot be reopened by a supplemental bill, though such third person was not a party to the original bill or the decree.

Hearing on Supplemental Bill.

Merrimon & Merrimon, for complainants.

E. J. Justice and P. J. Sinclair, for respondents.

EWART, District Judge. This is a supplemental bill brought by the plaintiffs above named against the defendants. The complainants allege:

"That the said above-entitled case, except as to Minnie Blanton, came on to be heard, and was heard and disposed of by a final decree of the court filed herein, on the 21st day of December, 1897, in which said decree, among other things, it was decreed as follows: " 'That the conveyance of the tanyard prop-

---

[1] As to jurisdiction of cases involving federal questions, see note to Bailey v. Mosher, 11 C. C. A. 308, and, supplementary thereto, note to Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.

erty, mentioned and described in the bill of complaint, to J. L. Morgan, was made in fraud of the creditors of the said William M. Blanton, to the said J. L. Morgan; and it is ordered, adjudged, and decreed that said conveyance be, and the same is hereby, set aside, and held null and void, as against the creditors of the said William M. Blanton, and especially against the plaintiffs in this cause; but inasmuch as it appears that the said Morgan, as a part of the purchase money, has paid certain debts of the said defendant Blanton, it is adjudged that he, the said Morgan, be reimbursed from the proceeds of the sale of the tanyard property so much money as he has actually paid out on the debts of the said William M. Blanton, if the proceeds of the sale be sufficient for such purpose, the amount so paid by the said Morgan to be ascertained by a reference to the clerk of this court.' Complainants allege that the said William M. Blanton and J. L. Morgan were partners in the tanning business at the time of the conveyance by the said William M. Blanton of his interest in the same to the said Morgan, and the moneys paid out by the said Morgan upon the debts of the said William M. Blanton, if any, were the moneys of the said partnership of the said Blanton and Morgan, and the amount so paid out upon the said debts was not as much as the pro rata share of the said William M. Blanton in the said partnership funds; that the said Morgan paid out nothing of his own money upon the said debts of the said William M. Blanton, but, on the contrary, was and is indebted to the said William M. Blanton for as large a sum as said William M. Blanton's proportion of the said partnership funds, unless he has settled the same with said Blanton since said conveyance was made; that, upon a fair settlement and adjustment of the partnership account between the said William M. Blanton and the said Morgan, it will be found that said Morgan has paid nothing upon said Blanton's debts which he would be entitled to have refunded to him under the decree aforesaid. Complainants allege that it was decreed further as follows: 'That the conveyance of the storehouse and lot by the said William M. Blanton to the said J. D. Blanton, mentioned and described in the bill of complaint, was made in fraud of the creditors of the said William M. Blanton, the said J. D. Blanton having knowledge, prior to and at the date of the execution of the said conveyance, of the fraudulent intent and purpose of the said William M. Blanton in making the said conveyance, and participating in the same, and it is therefore ordered that said last-named conveyance be, and the same is hereby, set aside, and held null and void; but as the testimony shows that the buildings on the lot have been destroyed by fire, and a new building erected on the premises in part with moneys advanced by the widow of W. P. Blanton, it is adjudged that the said widow have a lien on the said premises to the amount of the moneys expended out of her estate in the erection of the building now standing thereon; and it further appearing from the testimony that the plaintiffs in this action became the purchasers of said storehouse and lot at an execution sale made by the United States marshal for the Western district of North Carolina, under an execution in his hands issued upon the judgment of the plaintiffs in this cause against the said William M. Blanton, and having the marshal's deed for the same duly executed and registered, it is ordered, adjudged, and decreed that the said defendant J. D. Blanton surrender the possession of the said storehouse and lot to the plaintiffs in this cause, subject to the lien of W. P. Blanton, deceased, and account to them for the rents and profits of the said premises from the date of the conveyance to these plaintiffs by the said United States marshal.' Complainants allege that the only evidence in the cause that the building now upon the said premises was erected 'in part with moneys advanced by the widow of W. P. Blanton' was the testimony of the defendant John D. Blanton, and was as follows: 'I have five hundred dollars insurance on the building, and borrowed five hundred dollars from Mrs. Minnie Blanton, and gave her my note, without security, for it. She got this money from the insurance on her husband's life, and I had saved up about five or six hundred dollars out of my business in Asheville.' That the said five hundred dollars of the moneys of the said Minnie Blanton, so borrowed by the said John D. Blanton, was repaid to the said Minnie Blanton, as the complainants are informed and believe, long prior to the entry of the decree in this case, and that at the date of the making and filing of said decree there was nothing due from the said John D. Blanton to the said Min-

nie Blanton for a ▓▓▓▓▓▓ of the said Minnie that were put into the said building, and the complainants are advised and believe that the said Minnie, under the said decree, is not entitled to a lien for any sum whatever; and the complainants are further informed and believe that said Minnie Blanton did not advance any moneys whatever for the building of said house. but merely made a loan of the said five hundred dollars to the said John D. Blanton, to be used by the said Blanton at his own will and pleasure, and that there was no understanding between the said Minnie and the said John D. that said sum was advanced to be used in building the said house. Complainants deny that the amount of money loaned by the said Minnie Blanton to the said John D. Blanton was five hundred dollars, but demand a production of the note and fall proof of the said amount. Complainants further allege that the defendant John D. Blanton has not surrendered possession of the said house and premises to the plaintiffs, as by the said decree he was required to do, nor has he accounted 'to them for the rents and profits of the said premises from the date of the said conveyance to these plaintiffs by the said United States marshal,' as he was also required by said decree to do; that the deed of conveyance of the said marshal to these plaintiffs was executed and delivered to them on the 13th day of November, 1895, and under the said decree the plaintiffs are entitled to an account of the rents and profits of the said premises from the said date; that the said John D. Blanton has been in possession of the said premises ever since the said date, and receiving the rents and profits; that the rents and profits are of the value of $350 per annum, and more. Complainants further show that by the decree aforesaid it was decreed as follows: 'And it is further ordered, adjudged, and decreed that the said defendant William M. Blanton file with the clerk of this court the note against W. McD. Burgin, to be collected under the direction of the solicitor of the plaintiffs in this cause, the proceeds of which will be held for the further orders of the court.' That the said defendant William M. Blanton has not filed the said note with the clerk of this court in obedience to the said decree, nor have the proceeds of the said note been paid into the office of the clerk of the said court, or to the solicitor for the plaintiffs. That the amount of the said note, as the complainants are informed and believe, is five hundred dollars, with interest from its date. Complainants further show that from the said final decree of this court [83 Fed. 234] an appeal was taken by both parties to the United States circuit court of appeals for the Fourth circuit, which said last-named court, on the 25th day of November, 1898, affirmed the said decree [32 C. C. A. 384, 89 Fed. 885], and remanded the cause to the said circuit court, and directed the said circuit court to bring before it, if necessary, such other parties as might be required to carry out the said decree. Complainants further show that, as to the part of said decree in relation to the allowance to be made to the said defendant Morgan of so much as said Morgan had paid of the debts of the said William M. Blanton, it has been referred to the clerk of this court to ascertain the amounts so to be paid to the said Morgan, but, in relation to the defendant Minnie Blanton's interest, no reference has been made, nor any reference been made to ascertain the amount of rents and profits due complainants from the said defendant John D. Blanton, or in regard to the note of the said William McD. Burgin."

The defendants named in answer to the supplemental bill filed as above set out, say:

"That it is not true that any of the questions, matters, or things arising in the said suit between the above-named plaintiffs and the above-named defendants were left open and undetermined by decree of Judge Brawley filed on the 2d day of November, 1897, except the following, to wit: (1) The amount of money paid by J. L. Morgan on account of the debts of Minnie Blanton, and which said amount of money so paid was decreed should be a lien in favor of said J. L. Morgan on the tanyard property. (The said amount of money was directed to be ascertained by the clerk of this court.) (2) As to what disposition should be made of the note executed by W. McD. Burgin to William M. Blanton. (3) The value of the rents of the storehouse and lot

in the town of Marion, N. C., and the length of time which J. D. Blanton should account for the rent thereof."

The defendants insist that under no possible construction of this decree was Morgan required to account for any profits which he might have made in the tanyard business, but that the entire matter in dispute and controversy between the plaintiffs and defendant Morgan was settled and determined by the decree. It is further insisted by the defendants that the said Morgan has not made any profits whatsoever out of the tanyard business since conveyance to him by William M. Blanton of his interest therein, but that, on the contrary, he has lost money in the said business. It is further insisted by the said defendants that the question as to whether a charge upon the storehouse and lot in the town of Marion, for the amount of $500 and interest thereon, the amount of money received from Mrs. Minnie Blanton, is a lien, is not an open question; that this matter was fully adjudicated by Judge Brawley; and that, the decision of Judge Brawley having been affirmed by the circuit court of appeals for the Fourth circuit, the matter is now res judicata. The defendants deny that Blanton has failed to surrender possession of the storehouse and lot in the town of Marion to plaintiffs, but, on the contrary, insist that since the said decree the tenant of Blanton, by and with the consent and under the direction of the defendant J. D. Blanton, has attorned to J. H. Merrimon, agent for the plaintiffs, and since the date of November 1, 1897, the said defendant J. D. Blanton is in no way liable for rent, use, or occupation of the said property. The defendants further insist that there is no requirement in the decree that the proceeds of the note of W. McD. Burgin shall be turned over to the plaintiffs' solicitors; that the suit for the recovery upon this note is now pending in the superior court of McDowell county; and that, as soon as the judgment can be had, the money collected from the same will be paid in the court, to be disposed of in a further decree. And the defendant J. D. Blanton avers that he is entitled to have set apart to him his personal property exemptions out of the proceeds of the Burgin note, the same never having been set apart to him, which he is entitled to have done under the laws of North Carolina. The defendants therefore pray that, as all matters at issue in this suit have been determined except the three matters alleged in this answer to have been left open, the clerk of this court proceed to take an account of the money paid by J. L. Morgan on the debts of William M. Blanton, and the value of the storehouse and lot for rental purposes from the time of the filing of Judge Brawley's decree, on November 2, 1897, until plaintiffs took charge of said property (if any time elapsed). The defendants further pray that it be ordered by the court what disposition shall be made of the McD. Burgin note, or money arising therefrom, and such other and further orders as equity may demand.

The court of appeals having affirmed the judgment rendered by Judge Brawley, and the decree in the case reciting "that the amount to be paid by said Morgan shall be ascertained by a reference to the clerk of this court," nothing now remains to be done except that the clerk shall at once take this account, and report the same to this court.

In conducting this inquiry, the clerk, in order to ascertain the amount of money actually paid out on the debts of the said William M. Blanton, must ascertain whether Morgan paid the money out of the proceeds of the tanyard business, or whether he paid it out of his own individual money. As to whether Mrs. Minnie Blanton has now any lien upon the Blanton storehouse and lot in the town of Marion, N. C., Judge Brawley said in his opinion:

"But as the testimony shows that the building upon the lot has been destroyed by fire, and a new building erected on the premises in part with moneys advanced by the widow of W. P. Blanton, with whom J. D. Blanton became associated in business subsequently (the transaction herein condemned), and as the said widow was in no wise implicated in the same, it is adjudged that she have a lien on the premises to the amount of the money expended out of her estate for the erection of the building now standing thereon."

The only evidence upon this subject is found upon page 146, printed reports, under question 36. J. D. Blanton said: "I borrowed $500 from Mrs. Blanton, and gave her my note, without security, for it. I paid all this money in to the building." Judge Brawley evidently referred to the testimony just quoted when he adjudged in his decree "that she [that is, Mrs. Minnie Blanton] have a lien on the premises to the amount of the money expended out of her estate for the construction of the building now standing thereon."

In the assignment of errors filed by plaintiffs the sixth was:

"Because that in said decree, in respect of the deed from William M. Blanton to J. D. Blanton, after declaring said deed void, it is further ordered and decreed as follows: 'But as the testimony shows that the building on the lot had been destroyed by fire, and a new building erected on the premises in part with moneys advanced by the widow, Mrs. Blanton, it is adjudged that the said widow have a lien on the said premises to the amount of the moneys expended out of the estate in the erection of the building now standing thereon.'"

Upon the hearing of the appeal all the assignments of error, including the above (the sixth), were urged by the solicitors for the plaintiffs; but the circuit court of appeals, in an opinion delivered by Judge Goff, affirmed the ruling of Judge Brawley and the decree quoted, filed in this cause November 2, 1897, in full, as the opinion of the court.

I am constrained to consider this question as res judicata. I do not feel at liberty to reopen the question by a further reference to the clerk.

It is urged by the counsel for the plaintiffs that Mrs Blanton was not a party to the cause, and that the court had no jurisdiction of her person, and could have made no order as affecting her interest; but it would seem from the mandate of the circuit court of appeals that the opinion of the district court in assuming jurisdiction, and declaring that she have a lien on the premises in question to the amount borrowed by her husband, and invested by him in part in the erection of a storehouse in Marion, was fully confirmed and approved by that court. There can be no question as to the amount advanced. It was fixed by the testimony of J. D. Blanton at $500, and the decree, in effect, so declares. It is now insisted by the plaintiffs that, if the matter is reopened, they will be able to show that the debt alleged to

be due for borrowed money from J. D. Blanton to Mrs. Minnie Blanton, and used in part in the construction of the storehouse in Marion, has long since been paid. Conceding this to be true, this court can have no power to reopen or modify a mandate from the circuit court of appeals.

Counsel for the plaintiffs further insist that, as Mrs. Blanton was not a party to this proceeding, no reference could be made as to her, and therefore it was that Judge Goff, in delivering the opinion of the circuit court of appeals, said:

"The court below, to which this case will be remanded for such further proceedings as may be proper in its opinion, will see that such intention is carried out, and, in order to do so, will, when necessary, bring before it such other parties as may be required."

This, counsel for plaintiffs insist, referred to no one except Mrs. Blanton, as every other party interested in the suit was then a party of record. Had the court been impressed with this assignment of errors (in which the direct question was raised as to whether the court below erred in making reference to Mrs. Minnie Blanton, she not being a party to the cause, as to the validity of her claim or lien on the storehouse and lot in Marion, N. C.), it would seem that the mandate would have expressed it, and the cause would have been remanded for the purpose of making Mrs. Blanton a party to the suit, so that inquiry might be made if she had loaned $500, or any other amount, to her husband, whether it had been invested by him in part in the building of a storehouse, as alleged, and especially whether the debt in question had ever been paid; but there is no such recital in the mandate. In adopting the decree of Judge Brawley, it is manifest that the court of appeals fully concurred in the findings and conclusions of his honor. Judge Brawley in his decree says "that Mrs. Blanton has a lien on the said premises in question to the amount of the moneys expended out of her estate in the erection of the building standing thereon." It appeared from the evidence that $500 was the exact amount advanced by her to her husband, J. D. Blanton, and invested by him in part in the construction of a storehouse in Marion, N. C. The mandate of the circuit court of appeals further directed that the money collected from the note given by W. McD. Burgin to William M. Blanton should be turned over to the clerk of this court, and the proceeds held for further orders. It is insisted by counsel for Blanton that the defendant, not having had his exemptions (allowed under the laws of this state) set apart to him, is entitled to the same out of the proceeds of the Burgin note when collected. In defendants' assignment of errors the first assignment was:

"Because the decree and opinion filed November 2, 1897, provides that the note received by Blanton as a consideration should be turned over to the clerk of this court for collection under the direction of the solicitors in this cause, and the proceeds held for further orders, referring thereby to the note given by W. McD. Burgin to William M. Blanton, when there is no relief sought in plaintiffs' bill justifying this order, and when the transaction between William M. Blanton and W. McD. Burgin is sustained by said decree, and should be."

This assignment of errors was overruled by the circuit court of appeals, and the decree affirmed. By this decree the court has abso-

lute control of the proceeds realized from the Blanton note when collected and paid over to the clerk. The claim for homestead exemptions on the part of J. D. Blanton out of this note cannot be allowed at this issue. When the same is collected and paid into the hands of the clerk, upon proper application on the part of J. D. Blanton for his exemptions allowed by law to be set apart from the fund deposited with the clerk, realized from the collection of the Burgin note, the same will be considered by this court. In respect to the amount of rents, the parties having reached an agreement since the filing of the supplemental bill by complainants, it becomes unnecessary to make any other order in the premises, in so far as rents are concerned. In the opinion of the court, all matters at issue in this suit having been determined, with the exception of the matters especially named in the decree, it is ordered and adjudged that the clerk proceed to hear said matters, to take accounts referred to in said decree, and report his findings to this court; and this cause is retained for further orders.